UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON KENNEDY,

        Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

        Defendant.
_____/

Case No. 5:17-cv-11867
District Judge John Corbett O'Meara
Magistrate Judge Anthony P. Patti

## ORDER (A) GRANTING, AS AMENDED, DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE (DE 14), (B) REQUIRING NON-PARTIES ROSE PAIN MANAGEMENT AND ADVANCED CENTRAL LABS TO COMPLY WITH SUBPOENAS, and (C) STRIKING PLAINTIFF'S RESPONSE (DE 26)

    Currently before the Court is Defendant's January 22, 2018 motion for order to show cause why Rose Pain Management and Advanced Central Labs (hereinafter sometimes jointly referred to as "providers") should not be found in contempt of court for failure to comply with subpoenas *duces tecum*. (DE 14.) Judge O'Meara has referred this motion to me for hearing and determination, and a hearing was noticed for March 6, 2018. (DEs 15, 17.)

    Meanwhile, on January 25, 2018, I entered onto the docket the following, text-only order:

    Defendant is HEREBY ORDERED to serve copies of the pending
    Motion for Order to Show Cause (DE 14) and this Court's Notice of

> Hearing (DE 17), along with a copy of this text order, upon non-parties Rose Pain Management and Advanced Central Labs. Within 14 days of this order, Defendant shall file a Certificate of Service with the Court, certifying that service of these three items upon the non-parties has been achieved. At the hearing scheduled for **March 6, 2018**, Rose Pain Management and Advanced Central Labs SHALL APPEAR and SHALL SHOW CAUSE why they should not be held in contempt for failing to comply with the identified subpoenas issued by this Court. ALL COUNSEL OF RECORD FOR PLAINTIFF SHALL likewise appear at the show cause hearing to: (a) sort out the issue of who is actually representing Plaintiff; (b) address the status of this case; and, (c) discuss Defendant's prior request for costs and attorneys['] fees, as addressed in the Court's previous order compelling discovery (DE at 4)[.]

(Emphasis added.) On January 29, 2018, defense counsel filed a related certificate of service. (DE 20.)

On March 5, 2018 – several weeks tardy under E.D. Mich. LR 7.1(e)(2) and only one day before the scheduled hearing – Plaintiff filed a response, which "respectfully" asked the Court "to give these providers more time to produce these records[,]" and to deny the motion at bar. (DE 26.) Notably, the response provides no reasons why more time should be given to the providers. In any case, this filing will be **STRICKEN** from the record as late.

On the date set for hearing, defense counsel (attorney Dylan M. Beadle) appeared in my courtroom. Despite having been served with the notice of hearing, neither Rose Pain Management nor Advanced Central

Labs appeared.[1] Moreover, contrary to the express terms of my text-order, counsel of record for Plaintiff did not appear.

Upon consideration, Defendant's motion (DE 14) is **GRANTED**, as amended at the hearing. In accordance with defense counsel's proposed resolution, non-parties Rose Pain Management and Advanced Central Labs are hereby **ORDERED** to produce the documents sought in the subpoenas at issue here no later than **Friday, April 6, 2018**. Lest there be any confusion, the document production request/subpoenas at issue were addressed to Rose Pain Management and Complete Billing Services,[2] were executed on December 5, 2017, and sought compliance by December 19, 2017. (DEs 14-2, 14-3.) Moreover, the non-parties **SHALL** provide verification statements attesting that the records provided are the complete copies of **all** requested documents, including a page count and named custodian of record personnel. Failure to comply with this Order shall: **(a)** preclude Rose Pain Management and/or Advanced Central Labs from recovering their bills / damages from Defendant Allstate **or** Plaintiff Leon Kennedy relative to any

---

[1] During the March 6, 2018 hearing, defense counsel explained that the attempt at service upon Rose Pain Management was returned to sender, as it was not "picked up," and the attempt at service upon Advanced Central Labs was successful, having been signed for on January 31, 2018.

[2] According to Defendant, Advanced Central Labs is also known as Complete Billing Services. (*See* DE 14 at 2, DE 14-3.)

3

services provided to Plaintiff Leon Kennedy; **(b)** preclude Plaintiff from admitting any of the subpoenaed documents from these providers regarding Plaintiff Leon Kennedy into evidence; and **(c)** result in any such bills or subpoenaed documents from these providers being stricken from the record of this case.  *See*, *e.g.*, *Hemphill v. Allstate*, Case No. 2:16-cv-13990-AC-EAS (E.D. Mich. Nov. 1, 2017).

Finally, Defendant **SHALL** serve copies of this order upon Rose Pain Management and Advanced Central Labs, each, in three ways:  **(a)** by regular mail; **(b)** by certified or return receipt mail; <u>and, **(c)** by tacking copies of same on the entrance doors of their facilities</u>, after which Defendant shall file an appropriate certificate of service with the Court, forthwith.

**IT IS SO ORDERED.**

Dated: March 7, 2018          s/Anthony P. Patti
                                               Anthony P. Patti
                                               UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 7, 2018, electronically and/or by U.S. Mail.

                                               s/Michael Williams
                                               Case Manager for the
                                               Honorable Anthony P. Patti