UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON KENNEDY,

    Plaintiff,

v.

ALLSTATE INSURANCE
COMPANY,

    Defendant.
_____/

Case No. 5:17-cv-11867
District Judge John Corbett O'Meara
Magistrate Judge Anthony P. Patti

## ORDER REQUIRING ATTORNEYS RICHARD G. FINCH and THOMAS R. QUARTZ TO PAY COSTS

**A.    Background**

This case has involved a series of unnecessary costs necessitated by a lack of participation by Plaintiff's counsel of record. For example, on January 22, 2018, I entered an order granting as unopposed Defendant's motions to compel and cancelling the hearing noticed for January 25, 2018. (DEs 9, 10, 16.) I also noticed a hearing for Defendant's motion for order to show cause. (DEs 14, 17.)

On January 25, 2018 – three days after the above-described order was filed – I entered a text-only order onto the docket, which, in part, stated:

> *ALL COUNSEL OF RECORD FOR PLAINTIFF SHALL likewise appear at the show cause hearing* to: (a) sort out the issue of who is actually representing Plaintiff; (b) address the status of this case; and, (c) discuss Defendant's prior request for costs and attorneys['] fees, as addressed in the Court's previous order compelling discovery . . . [.]

1

(Italics added.) Plaintiff's counsel of record did not appear on March 6, 2018.

Accordingly, on March 7, 2018, I entered two additional orders, one of which, in part, required Plaintiff's counsel of record (attorneys Richard G. Finch and Thomas R. Quartz) to show cause in person on Monday, March 12, 2018. (DE 28.) On March 12, 2018, attorneys Finch and Quartz finally appeared, as did defense counsel (attorney Prerana R. Bacon). Among other things, attorney Bacon testified about Defendant's costs incurred in conjunction with the above-described matters.

**B.     Discussion**

At the outset, I acknowledge Mr. Quartz's representation to the Court that some of the delay here is caused by his client's apparent failure to stay in touch with his counsel. However, this was complicated by Plaintiff's counsel's failure to so notify the Court. In addition, attorneys Finch and Quartz ignored my January 25, 2018 order to appear on March 6, 2018, the latter blaming his secretary for advising him that it was not necessary to comply with my order by appearing in person, and the former claiming that he never received it, notwithstanding the fact that the Court sent it to the correct e-mail address and it did not bounce back. If, in fact, attorney Finch left Michigan Accident Associates during the Fall of 2017, he nevertheless

bears some of the responsibility for the confusion in this case, especially considering that he apparently did not attempt to formally withdraw from this case until March 9, 2018.

The Court is perturbed by this behavior. Therefore, I am directing that: **(a)** attorney Quartz bear responsibility for the $1,110 associated with Defendant's initial motions to compel (DEs 9, 10); **(b)** attorneys Finch and Quartz equally bear responsibility for the $600 associated with the March 6, 2018 show cause hearing (DE 17); and, **(c)** attorneys Finch and Quartz equally bear responsibility for defense counsel's costs associated with the March 12, 2018 hearing, which the Court estimates at $525 (3.5 hours x $150 hourly rate), representing 2 hours of travel time and 1.5 hours in Court.

## C. Order

Upon consideration, of the $2,235 ordered to be compensated, **attorney Finch will pay $562.50** and **attorney Quartz and Michigan Accident Associates are jointly required to pay $1,672.50**.[1] Attorneys Finch and Quartz are required to pay these fees to defense counsel's firm <u>by certified check</u> **no later than Friday, March 23, 2018 at 5 p.m**. Defense counsel shall file a certification of compliance as soon as reasonably

---

[1] Following the March 12, 2018 hearing, the Court substituted attorney Mark Dundon for attorney Quartz. (*See* DEs 33, 35.) Even though attorney Quartz has, accordingly, been terminated as counsel of record, he remains responsible for the costs discussed herein.

possible following compliance with this directive. Plaintiff's new counsel (attorney Mark Robert Dundon) will certify to this Court that this order has been forwarded to attorney Quartz within 24 hours of its issuance and will identify the mode by which it was forwarded.

Also, attorney Finch's March 9, 2018 proposed order granting him leave to withdraw as Plaintiff's counsel will not be addressed here. Once the Court receives certification of his compliance with the foregoing payment, then the Court will entertain a motion to withdraw, at which time counsel can resubmit a proposed order. *See*, *e.g.*, E.D. Mich. LR 83.25(b) ("Duration of Appearance.").

Finally, the other issues set forth in the Court's show cause order (DE 28), will be held in abeyance pending the outcome of Defendant's February 13, 2018 motion to dismiss (DE 21), which is currently scheduled for a hearing before Judge O'Meara in Ann Arbor, MI on March 28, 2018 (DE 22).

**IT IS SO ORDERED.**

Dated: March 20, 2018  s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 20, 2018, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Anthony P. Patti